[Crim. No. 968. Second Appellate District, Division One.—May 10, 1923.]

## THE PEOPLE, Respondent, v. G. H. KNIGHT, Appellant.

[1] CRIMINAL LAW—APPEAL—APPLICATION FOR TRANSCRIPT—ABSENCE FROM RECORD—MOTION TO DISMISS.—An appeal in a criminal action will not be dismissed for failure of the transcript to show that an application stating the grounds of the appeal was filed as required by section 1247 of the Penal Code, where it is shown by affidavits that a proper application was prepared within the time prescribed by the statute and left with a deputy clerk in the office of the county clerk, with the request that the application be filed, but the same was either lost or mislaid, and that after service of notice to dismiss the appeal the attorneys for appellant procured from the trial judge a *nunc pro tunc* order permitting appellant to file with the county clerk a copy of the original application, and appellant has suggested a diminution of the record to correct the error.

MOTION to dismiss an appeal from a judgment of the Superior Court of Tulare County. W. B. Wallace, Judge. Motion denied.

The facts are stated in the opinion of the court.

J. W. Wright, D. M. Edwards and J. C. Thomas for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

HOUSER, J.—This is a motion to dismiss an appeal for the reason that the transcript on appeal fails to show that an application stating the grounds of the appeal was filed by the defendant as required by section 1247 of the Penal Code. That the transcript is thus defective is conceded by appellant; but after the notice to dismiss the appeal was served on the attorneys representing appellant they procured from the judge of the superior court of Tulare County, before whom the action was tried, an order *nunc pro tunc* permitting appellant to file with the county clerk a copy of an original application by defendant for a complete record as specified by section 1247 of the Penal Code, which applica-

tion contained a specification of the grounds of appeal. Under rule 14 of the supreme court (176 Pac. xi) appellant has suggested a diminution of the record, for the purpose of correcting the error, and has also asked for an order directing the clerk of this court to file herein a copy of his original application setting forth the various matters to the omission of which in the transcript on appeal objection is here made.

[1] It is shown by the affidavits on file that the original application for a complete record containing a specification of the grounds of appeal was prepared within the time prescribed by the statute and left with a deputy clerk in the office of the county clerk of Tulare County, with the request that the application be filed, to which the deputy clerk responded, " 'Very well,' or something of that kind"; that thereafter, in pursuance of said application and on an order by the judge of the superior court of Tulare County, a complete record (with the exception of the application) was made up; that the said application has been lost or mislaid; and that diligent search in the county clerk's office and elsewhere has been made for the said application, but that it has not been found.

Appellant apparently complied with the requirements of the statute, and he should not be made to suffer because of the loss by the deputy clerk of the document in question.

It is ordered that the motion to dismiss the appeal be and it is denied. And it is further ordered that the clerk of this court file with the records herein a certified copy of appellant's "application for a complete record" as the same appears on file in the office of the county clerk of Tulare County under the *nunc pro tunc* order of the judge of the superior court.

Conrey, P. J., and Curtis, J., concurred.